IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRUX SUBSURFACE, INC.

    *Plaintiff,*

vs.

BLACK & VEATCH CORP.

    *Defendant.*

Case No.  11-2053-EFM

**MEMORANDUM AND ORDER**

Defendant presented Plaintiff with a Rule 68 Offer of Judgment for $75,000 plus accrued costs.  The Court entered judgment after Plaintiff filed a notice of acceptance of the offer and informed the Court that a bill for costs and attorney's fees was forthcoming.  Defendant moved to vacate the entry of judgment on the grounds that Plaintiff's acceptance was defective because it altered the terms of the offer by requesting attorney's fees as accrued costs.  Although Rule 68 does not expressly enumerate attorney's fees as recoverable costs, in a case of first impression, this Court is asked if "other authority" can define costs to include attorney's fees.  Because the parties' underlying contract clearly defined "costs" to include attorney's fees and Defendant's offer did not explicitly foreclose an additional award of attorney's fees, the Court denies Defendant's motion.

## I. Factual and Procedural Background

Plaintiff Crux Subsurface brought suit against Defendant Black & Veatch Corp. in Johnson County District Court for damages arising out of the construction of a water transmission main in Austin, Texas. According to the pleadings, Defendant entered into a contract with the City of Austin to engineer a transmission main from a water treatment plant. The parties subsequently entered into a subcontract agreement under which Plaintiff agreed to complete necessary drilling work. Plaintiff asserted that it was not fully compensated for performing the agreed-upon work. Plaintiff's action alleged breach of contract, breach of implied duty of good faith and fair dealing, failure to substantially perform, and *quantum meruit*. Defendant counterclaimed for breach of contract, alleging that Plaintiff's work product did not comply with state law. Defendant sought damages incurred as a result of Plaintiff's allegedly-faulty drilling.

During discovery, the parties engaged in settlement negotiations. On September 22, 2011, Defendant served Plaintiffs an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The offer stated: "Defendant Black & Veatch Corporation . . . hereby offers judgment to be taken against it by plaintiff for all claims made or which might have been made in the total amount of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) and costs accrued as of date above."[1] On October 3, 2011, the court received Plaintiff's Notice of Acceptance of Offer of Judgment. Plaintiff's notice stated that it would submit a request for costs accrued as of September 22, 2011, after the court entered judgment. The notice further stated:

---

[1] Doc. 31, Ex. 1, p. 1.

> The request for "costs" will include a request for reasonable attorney's fees, pursuant to Article 23.1 of the Driller Subcontractor Agreement, which states, "To the extent Engineer or Driller prevails against the other party on such claim, reasonable dispute resolution costs including attorney fees shall be recoverable from the losing party."[2]

The following day, the Court entered judgment against Defendant. The Court's entry of judgment states:

> [P]laintiff, Crux Subsurface, Inc. is to recover of defendant Black & Veatch Corp., the sum of Seventy-five Thousand Dollars ($75,000.00), with interest thereon at the rate of 0.10% as provided by law. Plaintiff, Crux Subsurface, Inc., is also to recover agreed upon reasonable costs and attorney's fees accrued through September 22, 2011.[3]

Defendant now moves the Court to vacate its entry of judgment on the grounds that the original Offer of Judgment did not provide for the award of attorney's fees.[4]

## II. Analysis

The threshold issue for the Court's consideration is whether the term "costs" in Defendant's Offer of Judgment includes attorney's fee. If it does, then Plaintiff properly accepted the Offer and the Court did not err when it entered judgment for Plaintiff because any mistake as to the definition of "costs" was unilateral on the part of Defendant. But if "costs" do not include attorney's fees, then Plaintiff's acceptance was not a mirror image of the Offer and the Court's entry of judgment must be vacated as a mistake under Rule 60(b) of the Federal Rules of Civil Procedure.[5]

---

[2] *Id.* at 1–2.

[3] Doc. 35.

[4] Plaintiff has also filed a Motion for Attorney's Fees and a Bill of Costs (Doc. 47), but the Court does not address that motion at this time.

[5] Fed. R. Civ. P. 60(b) (permitting a court to relieve a party form final judgment in the event of "mistake, inadvertence, surprise, or excusable neglect").

**A.     The Offer of Judgment Does Not Expressly Include Attorney's Fees**

Rule 68 of the Federal Rules of Civil Procedure governs formal offers of judgment from defendants. The rule is designed to encourage settlement and avoid lengthy litigation.[6] Under Rule 68, if a plaintiff rejects an offer of judgment and later obtains a judgment that is less favorable than the unaccepted offer, the plaintiff is responsible for litigation costs incurred from the time the offer was made.[7] Furthermore, a plaintiff has only 14 days to consider a defendant's Rule 68 Offer of Judgment.[8] Because Rule 68 "put[s] significant pressure on the plaintiff" and "rejection of the offer can have serious consequences for the plaintiff, courts have rightly been reluctant to allow defendants to challenge the meaning of an offer of judgment, either before or after acceptance."[9] In other words, Rule 68 affects the balance of power between the parties because the defendant controls the manner and content of the offer and, having received the offer, the plaintiff cannot walk away without consequence.

The aforementioned features of Rule 68 make the rule *sui generis*, and settlement offers made pursuant to the rule, as well as the law governing the offer, must be viewed through the lens of Rule 68. With that understanding, courts employ principles of contract law when interpreting Offers of Judgment.[10] It is axiomatic that contract language is interpreted in

---

[6]   *See Marek v. Chesney*, 473 U.S. 1, 6 (1985).

[7]   Fed. R. Civ. P. 68(d).

[8]   Fed. R. Civ. P. 68(a).

[9]   *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998).

[10]   *See Medina v. Hous. Auth. of San Miguel Cnty.*, 974 F .2d 1345, 1992 WL 218990, at *2 (10th Cir.1992)*; Radecki v. Amoco Oil Co.*, 858 F.3d 397, 400 (8th Cir. 1988); *Johnson v. University College of the Univ. of Alabama*, 706 F.2d 1205, 1209 (11th Cir.), *cert. denied* 464 U.S. 994 (1983); *Person v. NCO Fin. Sys., Inc.*, No. 10-2419-EFM, 2011 WL 3654452, at *1 (D. Kan. Aug. 19, 2011).

accordance with its generally prevailing meaning.[11]  Hence, when determining whether a contract is ambiguous, courts look to the plain and ordinary meaning of the contract.

The Supreme Court has held that Rule 68 Offers of Judgment may include lump-sum offers that are inclusive of all damages, costs, and attorney's fees.[12]  An Offer of Judgment that unambiguously includes attorney's fees bars a plaintiff who accepts the offer from seeking an additional award of attorney's fees.[13]  If, however, the offer is ambiguous as to whether it includes attorney's fees, the offer will be construed against the offeror.[14]  The burden of clearly articulating the intended legal consequences of an Offer of Judgment rests with the defendant because the defendant is the master of the offer under Rule 68.[15]  Therefore, if a defendant intends to offer a lump-sum Rule 68 settlement, the defendant must make clear that the offer is inclusive of fees.[16]  If the defendant presents a Rule 68 offer that is ambiguous as to the inclusion of attorney's fees, and the underlying substantive law entitles the plaintiff to recover attorney's fees, then the plaintiff can seek an award of fees in addition to the settlement amount offered.[17]

---

[11]   Restatement (Second) of Contracts § 202(3)(a) (1980).

[12]   *Marek*, 473 U.S. at 6–7.

[13]   *See Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999).

[14]   *See* 13 James W. Moore, *Moore's Federal Practice* § 68.02[4] (3d ed. 2011); *see also Henderson v. Horace Mann Ins. Co.*, No. 03-0526-CVE, 20006 WL 1878897, at *3 (N.D. Okla. July 6, 2006) ("Despite any intent to include attorneys' fees in a lump sum offer, defendant did not make such intention clear on the face of the offer."). Contracts are interpreted *contra preferentem*; that is, if the court concludes that the parties did intend to enter a legally binding contract and "the only remaining question is which of two possible and reasonable meanings should be adopted, the court will often adopt the meaning that is less favorable in its legal effect to the party who chose the words." 5 Margaret N. Kniffin, *Corbin on Contracts* § 24.27 (Rev. ed. 1998); Restatement (Second) of Contracts § 206 (1980).

[15]   *See Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002) ("Only the offeror can ensure that the offer clearly includes or excludes fees.").

[16]   *See Webb*, 147 F.3d at 623.

[17]   *See* Moore, *supra* note 14, at § 68.02[4].

The Eleventh Circuit utilized these principles in *Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc* ("*UA 2000*"),[18] a case with facts similar to those at bar. In that case, the plaintiff brought suit under the Alabama Trade Secrets Act. The defendant made a Rule 68 Offer of Judgment that stated the defendants would pay $45,000 "with costs accrued."[19] After the plaintiff accepted the offer and the court entered judgment, the plaintiff moved for attorney's fees and costs. The Eleventh Circuit first held that the defendant's Offer of Judgment—which stated, "Defendants shall pay to Plaintiff the sum of [$45,000] with costs accrued"[20]—did not unambiguously state that attorney's fees were included in the offered sum. Noting that defendant's offer in *UA 2000* did not contain language about attorney's fees, lump-sum payments, or excluded costs or fees, the Eleventh Circuit held that the offer made to the plaintiff did not unambiguously include attorney's fees.[21]

Like the offer in *UA 2000*, Defendant's offer does not explicitly address attorney's fees, nor does it enumerate specific costs included or excluded from the offer. The offer does state that the $75,000 represents the "total amount" offered, which suggests Defendant contemplated a lump-sum settlement.[22] But the $75,000 sum was the "total amount" Defendant offered "for all claims made or which might have been made."[23] Here, Plaintiff has not made a separate claim for attorney's fees—for each count in the complaint, Plaintiff requested "all costs and attorney's

---

[18]   298 F.3d at 1238.

[19]   *Id.* at 1239.

[20]   *Id.*

[21]   *Id.* at 1239–44.

[22]   *See, e.g.*, *Nordby*, 199 F.3d at 391–92 (" '[O]ne total sum as to all counts of the amended complaint' can only mean one amount encompassing all the relief sought in the counts. One of those counts specified attorneys' fees as part of the relief sought. That relief was covered by the offer.").

[23]   Doc. 31, Ex. 1.

fees as provided by contract."[24]  And it is not sufficiently clear that the "total amount" Defendant offered fulfilled Plaintiff's prayer for "all costs and attorney's fees" because the offer does include an additional award for costs accrued.  Therefore, Defendant's offer is ambiguous as to whether attorney's fees are encompassed in the $75,000 award.  Because the offer is ambiguous, the Court must construe the ambiguity against Defendant—the Offer of Judgment was not a lump-sum settlement that included attorney's fees.

**B.     Attorney's Fees as "Costs" Under Rule 68**

Because Defendant did not clearly articulate that the Offer of Judgment included attorney's fees in the settlement amount, the Court must decide whether attorney's fees fall within the additional award of costs.  Rule 68 specifically provides for an award of costs in addition to the settlement amount.[25]  But as a default rule, the term "costs" in Rule 68 does not include attorney's fees.  Commentators cite two reasons for this exclusion.  First, under the American Rule of attorney's fees, each party is responsible for its own fees.[26]  Second, the Supreme Court has held that post-offer costs recoverable under Rule 68(d) are those enumerated in 28 U.S.C. § 1920, which lists several costs associated with litigation but makes no mention of attorney's fees.[27]

---

[24]     Doc. 1, Ex. 2, pp. 4, 6.  *Cf. Nordby*, 199 F.3d at 392–93 (noting that the court's conclusion that the offer of judgment was unambiguous might have been different if the plaintiff sought an award of fees pursuant to some other authority rather than attorney's fees specified in one of the counts).

[25]     Fed. R. Civ. P. 68(a) ("[A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*." (Emphasis added.)).

[26]     *See* Moore, *supra* note 14, at § 68.02[4]; *see also Coleman v. McLaren*, 92 F.R.D. 754, 757 (1981) (finding that an offer of judgment did not include attorney's fees as costs in part to "the universal American Rule that 'costs' do not embrace attorney's fees unless proved for").

[27]     *See Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980).

But the Supreme Court's decision in *Marek v. Chesny*[28] provides a gloss on the default rule excluding attorney's fees from Rule 68 settlements. In *Marek*, the Court held that "costs" under Rule 68 "refer to all costs properly awardable under the relevant substantive statute or other authority."[29] In other words, attorney's fees may be included as "costs" under Rule 68 offers of judgment if the underlying substantive law defines the term "costs" as inclusive of attorney's fees.[30]

Usually, courts look to applicable federal and state statutes for the applicable definition of "costs."[31] But in this case, there is no underlying statute addressing recovery of attorney's fees. Instead, the parties are contractually bound by the Driller Subcontract Agreement. Noting that the Supreme Court in *Marek* allowed for recovery of attorney's fees in Rule 68 offers when so permitted by "statute or *other authority*," federal courts have recognized that an underlying contract between the parties may control the award of such fees.[32] Nonetheless, no court has ultimately held that a contract between the parties defined "costs" to include attorney's fees in

---

[28] 473 U.S. 1 (1985).

[29] *Id.* at 9.

[30] *See id.*; *Henderson v. Horace Mann Ins. Co.*, No. 03-0526-CVE, 2006 WL 1878897, at *3 (N.D. Okla. July 6, 2006); *see also* Moore, *supra* note 14, at § 68.02[4] (entitled "Attorney Fees are Not Rule 68 'Costs' Unless So Defined by Statute or Contract"). Including attorney's fees in the definition of "costs" found in Rule 68(d) has the greatest impact on fee-shifting statutes. Many of the cases discussing the inclusion of attorney's fees in Rule 68 costs deal with civil rights statutes. *See, e.g.*, *Erdman v. Cochise Cnty.*, 926 F.2d 877 (9th Cir. 1991); *Crossman v. Marcoccio*, 806 F.2d 329, 332–34 (1st Cir. 1986); *see also* 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3005.1 (1997).

[31] *See Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1027–28 (9th Cir. 2003) (holding that *Marek* applies to state fee-shifting statutes as well as federal statutes).

[32] *See Marek*, 473, at 9; *UA 2000*, 298 F.3d at 1245 (stating that *Marek*'s reference to "other authority" means that Rule 68 costs include attorney's fees when the parties' contract defines fees as costs).

the context of a Rule 68 Offer of Judgment.[33]  This case, therefore, presents an issue of first impression.

This Court concludes that the Supreme Court intended to include contracts between parties as "other authority" governing the recovery of attorney's fees.  A contract undoubtedly is substantive law that binds and obligates the parties.  The parties' own agreement often serves as the basis for defining and governing the legal relationship between the parties.  For example, had the Court been required to decide the merits of this breach of contract case, the Court's analysis would be bound by the rights and obligations set out in the Driller Subcontract Agreement—a document with legal authority between the parties.  Therefore, extending the Supreme Court's analysis in *Marek*, if the parties to a Rule 68 Offer of Judgment have an underlying contract that entitles the plaintiff to recover attorney's fees as litigation costs, and the offer is not a lump-sum settlement inclusive of costs, then the plaintiff can seek attorney's fees as part of its accrued costs in addition to the settlement amount.

Other federal courts have laid the groundwork for analyzing whether a contract clearly and unambiguously includes attorney's fees as litigation costs.  In *UA 2000*, the Eleventh Circuit looked at the underlying contract to determine whether the parties' defined "costs" to include attorney's fees.  The court found that although the contract contained two provisions authorizing a prevailing party to "recover all costs of such action, including a reasonable attorneys' fee," a third provision clearly delineated between "attorney's fees" and "court costs."[34]  The Eleventh Circuit held that "because the American Rule establishes a strong presumption that fees are not

---

[33] *UA 2000*, 298 F.3d at 1245 (holding that the parties' contract did not clearly and unambiguously define costs as fees).

[34] *Id.* at 1245–46.

to be awarded as costs," the parties' underlying contract must "unequivocally indicated that it is carving out an exception to the American Rule."[35]

In this case, the parties' Driller Subcontract Agreement states:

> Except as described in paragraphs 23.2 and 23.3, the Tenth Judicial District Court of Kansas, located in Johnson County, Kansas, or the United States District Court for the District of Kansas, located in Kansas City, Kansas, shall have exclusive jurisdiction to resolve all claims between Engineer and Driller as their jurisdiction otherwise permits. Each party irrevocably submits to the jurisdiction of such Court and waives any and all objections to such venue. To the extent Engineer or Driller prevails against the other party on such claim, *reasonable dispute resolution costs including attorney fees shall be recoverable from the losing party*.[36]

Notably, the parties contracted that a prevailing party could recover "costs *including* attorney fees," rather than "costs *and* attorney's fees" or other conjunctive language. To "include" means "to have or take in as a part or member."[37] Thus, attorney's fees are contained within the costs recoverable by the prevailing party. Like *UA 2000*, the parties' Agreement includes an explicit fee-shifting provision that directly contradicts the American Rule.[38] But unlike *UA 2000*, the Agreement contains no other provisions that distinguish between "costs" and "attorney's fees." Therefore, the parties' underlying contract in this case defines "costs" to include attorney's fees. Construing the Driller Subcontract Agreement and the Offer of Judgment together,[39] the plain

---

[35] *Id.* at 1246.

[36] Doc. 1, Ex. 2, p. 10 (emphasis added).

[37] *The American Heritage Dictionary* 651 (2d ed. 1985).

[38] *See* Robert L. Rossi, *Attorneys' Fees* §7:1 (2d ed. 1995).

[39] "A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together." Restatement (Second) of Contracts § 202(2); *see also Ryco Packaging Corp. of Kan. v. Chapelle Intern, Ltd.*, 926 P.2d 669 (Kan. 1996).

language of the offer provides that all of Plaintiff's claims are settled for a total amount of $75,000 and costs including attorney's fees.[40]

### C.   Plaintiff Accepted Defendant's Offer of Judgment

When deciding whether there has been a valid offer and acceptance for the purposes of Rule 68, courts apply contract law principles.[41]  A binding contract requires a valid offer and acceptance accompanied by an objective manifestation of mutual assent.[42]  Without this "meeting of the minds," a Rule 68 offer of judgment is void.[43]

Defendant asserts that Plaintiff did not properly accept the Offer of Judgment because Plaintiff altered the terms of the offer when Plaintiff informed the court that its request for "costs" would include a request for attorney's fees.[44]  But as discussed *supra*, construing the parties' Agreement and the Offer of Judgment together, Defendant's offer to pay costs included attorney's fees.  Therefore, Plaintiff's notice to the Court was, in substance, identical to the offer

---

[40]  During oral arguments on this motion, Defendant for the first time argued that the Court should not apply the language found in the Agreement because Plaintiff's acceptance of the Offer of Judgment constituted a settlement in which there is no "losing party."  This argument is wholly without merit.  Not only does it require Defendant to reverse positions and now argue that Plaintiff did accept the offer, but also contradicts well-established principles of law.  A "prevailing party" is a term of art defined as "[a] party in whose favor a judgment is rendered, regardless of the damages awarded."  *Black's Law Dictionary* 1154 (8th ed. 2004).  Referring to this definition, the Supreme Court has stated, "This view that a 'prevailing party' is one who has been awarded some relief by the court can be distilled from our prior cases."  *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

Here, Defendant's Offer of Judgment stated that Defendant "hereby offers judgment *to be taken against it by plaintiff*."  Doc. 31, Ex. 1.  Accordingly, the Court entered judgment "in favor of Crux Subsurface, Inc. against Black & Veatch Corporation."  Doc. 35.  Therefore, Plaintiff is "a party in whose favor a judgment [was] rendered"—in other words, the prevailing party.

[41]   *See Medina*, 1992 WL 218990, at *2; *Radecki*, 858 F.3d at 400; *Person*, 2011 WL 3654452, at *1.

[42]   *See* Restatement (Second) of Contracts § 19.

[43]   *See Johnson*, 706 F.2d at 1209 ("Under elementary principles of contract law, an offeree cannot accept a different offer from that made by the offeror.  There must be a meeting of the minds.").

[44]   *See Medina*, 1992 WL 218990, at *2 (noting that basic principles of contract law require that "an offeree's acceptance must mirror the terms of the offer in order to be valid").

presented by Defendant. Upon Plaintiff's acceptance of the Offer of Judgment, a valid contract for settlement was formed.

Defendant argues that mutual assent is lacking in this case because the parties attached different meanings to the term "costs."[45] Mutual assent, however, is absent only if the parties attached different meanings to a contract term at the time of formation *and* neither party knew or *should have known* of the meaning attached by the other party.[46] Defendant knew or should have known that the parties' Driller Subcontractor Agreement defined "costs" to include attorney's fees. Therefore, the parties entered into a valid Rule 68 settlement agreement. The Court thus did not err when it entered judgment in accordance with Plaintiff's notice of acceptance of the Offer of Judgment.

**IT IS ACCORDINGLY ORDERED** this 22nd day of November, 2011 that Defendant's Motion to Vacate Judgment and Compel Discovery (Doc. 36) is hereby **DENIED**.

**IT IS SO ORDERED**.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[45] Without explicitly stating as much, Defendant appears to be arguing that there was a mutual misunderstanding that prevented a meeting of the minds. Like the seminal case of *Raffles v. Wichelhaus*, 2 H. & C. 906, 159 Eng. Rep. 375 (Ex. 1864)—in which the parties made a contract related to two different ships named *Peerless*—Defendant argues that the parties' divergent definitions precluded mutual assent.

[46] *See Flying J, Inc. v. Comdata Network Inc.*, 405 F.3d 821 (10th Cir. 2005) (adopting defendant's interpretation of a disputed term in a license because plaintiff knew or had reason to know the defendant's understanding of the term); Restatement (Second) of Contracts § 201(2).