# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRUX SUBSURFACE, INC.

*Plaintiff,*

vs.

BLACK & VEATCH CORP.

*Defendant.*

Case No.  11-2053-EFM

## MEMORANDUM AND ORDER

Plaintiff moves this Court to award attorney's fees as a part of the costs of this action, pursuant to the parties' settlement agreement in which Plaintiff was awarded $75,000 plus costs accrued as of September 22, 2011.  Plaintiff seeks attorney's fees and costs amounting to $39,976.00.  The Court grants Plaintiff's request for attorney's fees, but because Plaintiff has requested attorney's fees outside the scope of the clerk's entry of judgment, has in small part charged duplicative fees, and has improperly billed some legal assistant work at lawyers' rates, the Court awards Plaintiff only $26,662.50 in attorney's fees.

### I.  Factual and Procedural Background

Plaintiff brought suit against Defendant in Johnson County District Court for damages arising out of the construction of a water transmission main in Austin, Texas.  According to the pleadings, Defendant entered into a contract with the City of Austin to engineer a transmission main

from a water treatment plant. The parties subsequently entered into a subcontract agreement under which Plaintiff agreed to complete necessary drilling work. Plaintiff asserted that it was not fully compensated for performing the agreed-upon work. Plaintiff's action alleged breach of contract, breach of implied duty of good faith and fair dealing, failure to substantially perform, and *quantum meruit*. Defendant counterclaimed for breach of contract, alleging that Plaintiff's work product did not comply with state law. Defendant sought damages incurred as a result of Plaintiff's allegedly-faulty drilling.

On September 22, 2011, Defendant served Plaintiffs an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.[1] The offer stated: "Defendant Black & Veatch Corporation . . . hereby offers judgment to be taken against it by plaintiff for all claims made or which might have been made in the total amount of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) and costs accrued as of date above."[2] On October 3, 2011, the court received Plaintiff's Notice of Acceptance of Offer of Judgment, which stated that Plaintiff would submit a request for costs accrued as of September 22, 2011, after the court entered judgment. The notice further stated:

> The request for "costs" will include a request for reasonable attorney's fees, pursuant to Article 23.1 of the Driller Subcontractor Agreement, which states, "To the extent Engineer or Driller prevails against the other party on such claim, reasonable dispute resolution costs including attorney fees shall be recoverable from the losing party."[3]

The following day, the Court entered judgment against Defendant as set out in Plaintiff's acceptance, permitting recovery of attorney's fees as costs and granting Plaintiff recovery of such

---

[1] Doc. 31, Ex. 1.

[2] *Id.* at 1.

[3] *Id.* at 1–2.

costs as accrued as of September 22, 2011. Defendant then moved the Court to vacate its entry of judgment on the grounds that the original Offer of Judgment did not provide for an award of attorney's fees. The Court denied this motion, holding that the parties' Driller Subcontract Agreement explicitly defined "costs" to include attorney's fees.

Plaintiff has now submitted a bill of costs and asked the Court to award attorney's fees. Defendant does not object to Plaintiff's request for litigation costs, but renews its former objections to Plaintiff's request for attorney's fees as costs. Furthermore, Defendant argues that Plaintiff should not be awarded any costs incurred after September 22, 2011 because they fall outside the scope of the Court's judgment. Consistent with its former ruling, the Court finds that Plaintiff is entitled to recover attorney's fees, but upon review of Plaintiff's records, adjusts the amount requested to reflect a reasonable award.

## II. Legal Standard

The parties' Driller Subcontract Agreement states that Kansas law governs disputes between the parties.[4] Kansas has adopted the American Rule of attorney's fees, which permits recovery by a prevailing party only if attorney's fees are specifically authorized by a statute or contract.[5] The Court previously held that the Driller Subcontract Agreement permits Plaintiff to recover attorney's fees as a part of its litigation costs. Therefore, the Court must now decide whether the amount of attorney's fees requested is reasonable.

---

[4] Doc. 1, Ex. B, art. 18 (entitled "Governing Law"). *See also Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (stating that in a diversity case, state law governing the award of attorney's fees must apply pursuant to the *Erie* doctrine).

[5] *See Harris Mkt. Research v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1527 (10th Cir. 1991) (citations omitted).

Kansas uses the lodestar method to establish reasonable attorney's fees.[6] In this type of analysis, courts multiply a reasonable hourly rate by a reasonable number of hours spent on the matter to arrive at a lodestar figure.[7] The party requesting attorney's fees bears the burden of proving their reasonableness.[8] Claims for attorney's fees must be supported by " 'meticulous, contemporaneous time records' that show the specific tasks being billed."[9] Attorneys for the prevailing party "may not bill to opposing counsel fees it would not be able to bill to the client."[10] And the court is free to discount hours it finds to be "unnecessary, irrelevant, and duplicative" to arrive at a reasonable number of hours billed.[11]

After reviewing billing records from the party requesting fees, the trial judge—who is considered an expert free to draw upon past professional experience—may adjust the fee amount if necessary to ensure a reasonable award.[12] When considering the reasonableness of fee requests, Kansas courts are guided by the factors enumerated in Rule 1.5 of the Kansas Rules of Professional Conduct ("KRPC"), namely:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if

---

[6] *See Davis v. Miller*, 7 P.3d 1223, 1237 (Kan. 2000).

[7] *See Wilkinson v. I.C. Systems, Inc.*, No. 09-2456-JAR, 2011 WL 5304150, at *3 (D. Kan. Nov. 1, 2011).

[8] In *Kansas Penn Gaming, LLC v. HV Prop. of Kansas*, 790 F.Supp.2d 1307, 1314 (D. Kan. 2011), the federal district court noted that the Kansas Supreme Court has not ruled on this issue, although the Kansas Court of Appeals has approved of this burden of proof, *see Westar Energy, Inc. v. Wittig*, 235 P.3d 515, 532 (Kan. App. 2010).

[9] *Davis*, 7 P.3d at 1235 (quoting *Case v. Unified School Dist. No. 233 Johnson Cnty.*, 157 F.3d 1243, 1250 (10th Cir. 1998)).

[10] *Hayne v. Green Ford Sales, Inc.*, No. 09-2202-JWL, 2010 WL 2653410, at *3 (D. Kan. June 29, 2010).

[11] *Id.* (quoting *Case*, 157 F.3d at 1250).

[12] *Kansas Penn Gambling*, 790 F.Supp.3d at 1314–15 (citing *Thoroughbred Assoc., LLC v. Kansas City Royalty Co., LLC*, 248 P.3d 758, 774 (Kan. App. 2011)).

apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.[13]

Kansas courts use this lodestar method in cases involving settlements,[14] like the case currently before the Court.

### III. Analysis

In this case, the attorneys have submitted a bill for $39,976.00 in costs and attorney's fees. Of this amount, $30,737.50 represents attorney's fees accrued through September 22, 2011, and $8,775.00 is for attorney's fees incurred since that date in response to Defendant's motion to vacate the judgment.[15]

As a preliminary matter, the Court holds that Plaintiff is not entitled to recover the $8,775.00 in attorney's fees accrued after September 22, 2011, under the Court's entry of judgment. That order explicitly stated, "Plaintiff, Crux Subsurface, is also to recover agreed upon reasonable costs and attorney's fees *accrued through September 22, 2011*."[16] The Court will not award fees outside the

---

[13] *See id.*; KRPC 1.5(a).

[14] *See Wilkinson*, 2011 WL 5304150, at *1.

[15] The remaining amount of $463.50 is for litigation costs. Defendant does not object to the award of these costs.

[16] Doc. 35 (emphasis added).

plain language of the parties' settlement agreement.[17]

The attorney's fees requested reflect the following hourly rates: Mr. John Guin of the Law Office of John H. Guin, PLLC, in Spokane, Washington billed at $250 per hour and legal interns at his firm billed at $75 per hour; Mr. Richard Miller of Miller Law Firm, P.C., in Kansas City, Missouri, charged Crux $350 per hour; and Mr. Scott Gyllenborg of Gyllenborg & Dunn, P.A. in Olathe, Kansas, charged an hourly rate of $250. Upon review of the attorneys' past experiences and qualifications, the prospective demands of Crux's lawsuit, as well as hourly rates typically charged in the respective legal markets, the Court finds these hourly rates to be reasonable.

In large part, the Court also finds that the attorneys' billed hours were reasonable. As Plaintiff's counsel averred, this case involved a complaint and counter-complaint involving multiple legal issues. Plaintiffs provided a detailed account of services performed and itemized billing invoices. Courts, however, must be vigilant when a party is represented by more than one attorney to ensure that no billed attorney's fees are duplicative.[18] Applying its discretion and expertise, the Court finds that approximately 8 hours which Mr. Miller billed during the fourth quarter of 2010 were duplicative of work performed by Mr. Guin during that same time period. The lodestar figure for this work is $2,800,[19] but the Court will account for billing variations between and within the firms and hold that $2,500 should be deducted from the $30,737.50 of requested attorney's fees.

---

[17] The Court notes that Plaintiff may be entitled to recover the $8,775.00 in attorney's fees under the terms of the parties' Driller Subcontract Agreement—rather than the Court's entry of judgment—but Plaintiff has not asserted that argument in this motion.

[18] *See Robinson v. City of Edmond*, 160 F.3d 1275, 1285 n.10 (10th Cir. 1998) ("The term 'duplicative' in the context of attorney's fees requests usually refers to situations where more than the necessary number of lawyers are present for a hearing or proceeding or when multiple lawyers do the same task.").

[19] This figure is the product of Mr. Miller's $350 hourly rate and the 8 duplicatively-billed hours.

The Court also exercises its discretion to adjust the fees charged by Mr. Gyllenborg. Mr. Gyllenborg charged Crux for 15.7 hours of work at $250 per hour. But most of the work performed by the Gyllenborg firm constituted work more properly done by a legal assistant than by an attorney. The rate of $250 per hour is unreasonable for such work. The Court's review of the time sheets persuades it that a third of the work that Mr. Gyllenborg completed, approximately 5.2 hours, was properly billed at his hourly rate. The remaining 10.5 hours, however, should have been billed at a lower rate representative of a legal assistant. Using a rate of $100 for legal assistant work, the Court concludes that a further $1,575 should be deducted from the total amount of attorney's fees Plaintiff requested.[20] Therefore, Plaintiffs may recover from Defendant attorney's fees in the amount of $26,662.50.

**IT IS ACCORDINGLY ORDERED** this 13th day of December, 2011 that Plaintiff's Motion for Attorney's Fees (Doc. 37) is hereby **GRANTED**. Defendant is hereby ordered to reimburse Plaintiff for $26,662.50 in attorney's fees as a part of the costs of this action.

**IT IS SO ORDERED**.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[20] This figure represents the difference between the attorney's fees billed ($3,925) and the amount earned (5.2 hours at $250 plus 10.5 hours at $100 for a total of $2,350).